UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br>Plaintiff,<br>v.<br>ROWEN MADAMBA, et al.,<br>Defendants. | Case No.  14-cv-02942-JSC<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff brought this state law unlawful detainer action against Defendants Rowen Madamba and Lilia Madamba in the Superior Court of California for the County of San Mateo. Defendants, proceeding pro se, removed this action from Contra Costa County Superior Court. (Dkt. No. 1.)

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a *cause of action* based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28

U.S.C. § 1447(c).

Here, the basis for removal is unclear. Defendants' notice of removal states that the United States District Court has "original Jurisdiction" because the amount in controversy exceeds the sum of $75,000 and references the "Alien Tort Claim Act" and the "Security and Exchange Commission." (Dkt. No. 1 at 2.) However, the original complaint filed in state court does not include any federal statutory or constitutional question and only seeks $63.50 per day in damages, well short of the $75,000 required for diversity jurisdiction. (*Id*. at 9.) Further, as a California resident Defendants are precluded from removing the case on diversity grounds. *See* 28 U.S.C. § 1441(b)(2) (providing that removal based on diversity jurisdiction is improper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

In light of the foregoing, the Court ORDERS Defendants to SHOW CAUSE as to why this action should not be remanded to state court. Defendants shall respond to this Order in writing by **July 14, 2014**. Failure to respond will result in remand of this case to the San Mateo Superior Court.

**IT IS SO ORDERED.**

Dated:  June 30, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge