**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **US BANK NATIONAL ASSOCIATION,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**ROWEN AND LILIA MADAMBA,**<br><br>    **Defendant(s).** | **Case No.: 14-CV-2942 YGR**<br><br>**ORDER REMANDING ACTION** |

Now before the Court are Defendants Rowen and Lilia Madamba's Notice of Removal and Responses to Order to Show Cause why removal of this action was proper. Having carefully considered Defendants' Notice of Removal, Response to Order to Show Cause, and Amended Response to Order to Show Cause, the Court finds that Defendants have not stated a valid basis for federal jurisdiction. Accordingly, the Court hereby **REMANDS** this case to the San Mateo County Superior Court.[1]

Plaintiff brought this state law unlawful detainer action against Defendants Rowen Madamba and Lilia Madamba in the Superior Court of California for the County of San Mateo. Defendants, proceeding pro se, removed this action from Contra Costa County Superior Court. (Dkt. No. 1.) The case was first assigned to Magistrate Judge Corley, who on June 30, 2014, issued an Order to Show Cause why this action should not be remanded to state court. (Dkt. No. 3.) The Order set forth the legal standard for federal jurisdiction, and further explained that the defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Judge Corley noted that the basis for Defendants' removal of this action was unclear. The amount in controversy fell short of the statutorily required $75,000 and as California residents, Defendants are precluded from removing the case on diversity jurisdiction grounds. Furthermore, no federal statutory or constitutional question was raised in the complaint.

Defendants filed a response to the order to show cause on July 14, 2014 (Dkt. No. 6), and an amended response on July 29, 2014. (Dkt. Nos. 6, 10.) In neither response did Defendants squarely address the issues raised by Judge Corley, which concerned whether the original complaint filed against Defendants could properly be brought in federal court. Instead, Defendants provided a "third party complaint" that contains counterclaims against Plaintiffs and names an additional defendant. (Dkt. Nos. 6, 10.) Defendants appear to contend that their counterclaims meet the requirements for diversity and federal question jurisdiction and that this renders their removal of the original action proper. They are incorrect on all counts.

The federal removal statute permits the removal from state court to federal court of cases that might have been filed in federal court originally. *See* 28 U.S.C. § 1441(a). Defendants allege that their counterclaims meet or exceed the $75,000 amount in controversy requirement, but nowhere do they assert that the original complaint meets or exceeds the statutory minimum. Moreover, nowhere do Defendants assert that there is complete diversity between the parties – but even were there complete diversity, as California residents, Defendants are precluded from removing this action based on diversity grounds. In the alternative, Defendants assert that certain of their counterclaims raise questions of federal law. However, it is well-settled that a complaint that is based entirely on state law is not removable by virtue of anticipated federal defenses or counterclaims. *See Louisville & Nashville R.R. Co., v. Motley*, 211 U.S. 149, 152 (1908) (holding that an anticipated defense may not be used to establish subject matter jurisdiction); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir.1985) ("[R]emovability cannot be

2

created by defendant pleading a counterclaim presenting a federal question.") (citations omitted); *accord* Schwarzer, Tashima, & Wagstaffe, Federal Civ. P. Before Trial, § 1.121 at 2B–50 (TRG 2008).

 Accordingly, because Plaintiff's complaint sounds only in state law and there is no basis for diversity jurisdiction, the Court finds that the action is not removable. Accordingly,

 IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), the instant action is REMANDED to the San Mateo County Superior Court. The Clerk shall close the file and terminate all pending matters.

 This terminates Docket No. 1.

 **IT IS SO ORDERED**.

Date: **September 15, 2014**

               _____
               **YVONNE GONZALEZ ROGERS**
               **UNITED STATES DISTRICT COURT JUDGE**